## Wynkoop *versus* Cooch.

1. The Act of May 13th 1871, entitled "An act to obtain possession of real estate by purchasers at coroners', sheriffs' and Orphans' Court sales within the county of Schuylkill," is not in derogation of the right of trial by jury, and is constitutional.

2. In a case under the provisions of this act the possessor being an unjust one, he has no common-law right to notice to quit; the legislature may therefore constitutionally enact that notice may be provided in any mode, and before any tribunal.

3. An Act of Assembly will not be declared void because some portions thereof are unconstitutional. It may well be that one or more provisions of a statute are unconstitutional and the other provisions not so.

March 18th 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

ERROR to the Court of Common Pleas of *Schuylkill county :* Of January Term 1879, No. 38.

The plaintiff below, Thomas Cooch, filed in court a petition setting forth that he was the purchaser at sheriff's sale of the property of the defendants below, John E. Wynkoop and wife, that he had given three months' notice requiring them to surrender possession, and that they had failed to do so, and praying the court for a rule to show cause why a writ of possession should not be awarded, as provided by Act of May 13th 1871 (Pamph. L. 820), relating to the county of Schuylkill.   An affidavit of a constable accompanied this petition, averring that he had served the notice as set forth in the petition.

To this petition and rule exceptions were filed, setting forth, among other reasons why possession should not be awarded, that the Act of May 13th 1871 was unconstitutional.   The exceptions were overruled and defendants directed to answer.   In the answer it was again claimed, among other things, that the act under which the proceedings were had, was unconstitutional.   The answer was deemed insufficient by the court, and a writ of possession was awarded.

This action was assigned for error by defendants who took this writ.

*D. C. Henning, Hughes & Farquhar* and *B. W. Cumming*, for plaintiffs in error.—The Act of 1871 is unconstitutional, inasmuch as the right of trial by jury is entirely ignored in said act.   By the 7th section the duty is devolved on the court or judge in case of a finding for the petitioner "to assess such damages as they or he shall think right against the defendant person or persons in possession for the unjust detention of the premises."   As the assessment of the damages is discretionary no error in the measure adopted could be successfully assigned in the court above, and they would be unable to review or correct the error in case of excessive damages.   Questions of fact which must necessarily enter into the

[Wynkoop v. Cooch.]

assessment of damages are thus to be decided by the court below, without the consent of the defendants. In this manner the appropriate function of the jury is transferred to the court in palpable violation of the constitutional principle that "the trial by jury shall be as heretofore," and the right thereof remain inviolate: Art. 9, sec. 6, Constitution.

*J. Lineaweaver* and *William B. Wells*, for defendant in error.
—The remedy provided in the 7th section of the Act of 1871, is in the nature of a fine, for a tortious act, or wrongful holding over, and is a new statutory remedy, not known to the common law, to which our constitutional right of trial by jury alone applies: Byers *v.* Davis, 6 Wright 89; Ligat *v.* Commonwealth, 7 Harris 456: Van Swartow *v.* Commonwealth, 12 Id. 131; Rhines *v.* Clark, 1 P. F. Smith 96. If this court should be of opinion that the 7th section of the act, which is the only section that confers power upon the court to assess damages, is unconstitutional, it would not affect the case now before the court, as no damages were asked for, or assessed by the judges below, and as it cannot be successfully contended, that the whole of a beneficial act is made unconstitutional because one section, which may be separated from the rest of the act, may be declared void: Lea *v.* Bumm, 2 Norris 23.

Chief Justice SHARSWOOD delivered the opinion of the court, March 31st 1879.

The main contention of the plaintiffs in error is that the Act of May 13th 1871, Pamph. L. 820, entitled "An act to obtain possession of real estate by purchasers at coroners', sheriffs' and Orphans' Court sales within the county of Schuylkill," is unconstitutional, being in derogation of the righs of trial by jury secured in the Bill of Rights, by the declaration, "Trial by jury shall be as heretofore, and the right thereof remain inviolate." The object of this provision was to preserve the jury as a tribunal for the decision of all questions of law and fact in criminal trials; and of all questions of fact in civil causes. Such it had been theretofore; and it was ordained by the people that such it should continue to be thereafter inviolate. Thus it was determined by this court that an Act of Assembly authorizing the court to enter a compulsory nonsuit—in a case where on all the facts given in evidence there was no legal liability in the defendant was constitutional: Munn *v.* Pittsburgh, 4 Wright 364. "The complaint," says Mr. Justice STRONG, "that the constitutional right of trial by jury has been violated is made without due consideration. The province of a jury has always been to determine facts. What is the law applicable to those facts has always been a question for the court. In ordering the nonsuit, the court conceded all the facts which the jury could have found, and simply declared that under the law

as applicable to them there was no liability on the part of the defendant." This principle is so obvious that it needs no elaborate vindication. Was there any question of fact in an action of ejectment brought by a purchaser at sheriff's sale against the defendant in the original judgment, or any person claiming title under him by deed or conveyance subsequent to the judgment, which by this act is submitted to the decision of the court? We put out of the case the seventh section, which provides for an assessment of damages against the defendant, person or persons in possession, because there was no such assessment in this case; for it may well be that one or more provisions in a statute are unconstitutional, and the other provisions not so. We look in vain through this act for any clause or section which violates the rule as laid down in Munn *v.* Pittsburgh. As to the defendant in the judgment or other person claiming under him subsequent to the judgment, the judgment and sheriff's deed duly acknowledged are conclusive, and matters of law exclusively for the court. So it has been uniformly held from Culbertson's Lessee *v.* Martin, 2 Yeates 443, to Drake *v.* Brown, 18 P. F. Smith 223. "A purchaser at sheriff's sale," said Mr. Justice AGNEW, "is not bound to show more than his deed and the proceedings under which it was made, to recover possession from the defendant in the execution." By the tenth, eleventh, twelfth and thirteenth sections of the act under consideration, it is provided, that "if the person or persons in possession shall make oath or affirmation, that he has not come into possession, and does not claim under the defendant in the execution, but in his own right, or that he has come into possession under title derived to him from the said defendant, before the judgment under which the execution and sale took place, and shall become bound in a recognisance, with one or more sufficient sureties, in the manner hereinafter provided, the said court or judge shall forbear to give the judgment aforesaid." By the eleventh section a summons is directed to issue to such other person under whom the possessor claims; and on his making oath or affirmation to his title and giving recognisance, the court or judge shall forbear to enter judgment. The form of the oath and the recognisance are given; and the parties are then referred to a common-law action of ejectment. It is unnecessary to show, either by argument or decided cases, that there is nothing in all this which derogates from the right of trial by jury. The jurisdiction of justices of the peace, the compulsory arbitration law where the right of appeal has been encumbered with similar provisions, have uniformly been held to be constitutional: Emerick *v.* Harris, 1 Binn. 416. As to the proof of notice to the person in possession being submitted to the court, it is sufficient to remark that there is no common-law right to notice in such a case. The unjust possessor of land, which the defendant below as against the plaintiff was, can be turned out of

possession by real action or ejectment without any notice. To provide for notice in the case in hand was a mere act of grace by the legislature; and, as they need not have provided for it at all, they can constitutionally enact that it shall be proved in any mode and before any tribunal. The purpose of the constitution undoubtedly was to preserve the jury trial wherever the common law gave it, and in all other cases to let the legislature and the people do as their wisdom and experience might dictate: Van Swartow v. Commonwealth, 12 Harris 131; Borough of Dunmore's Appeal, 2 P. F. Smith 374; Paschall Street, 31, Id. 118.

Judgment affirmed.