## Davis *v.* Moore, Appellant.

*Public officers—Salary board—Board for assessment and revision of taxes—Appeals—Acts of March 31, 1876, P. L. 13, March 24, 1905, P. L. 47, and April 4, 1907, P. L. 58.*

1. Under the Acts of March 31, 1876, P. L. 13, and March 24, 1905, P. L. 47, the board for the assessment and revision of taxes of the county of Luzerne has a right to appeal from the decision of the salary board made in the exercise of the duties imposed on the latter by the Act of March 24, 1905, P. L. 47. Such an appeal lies under the Act of April 4, 1907, P. L. 58, inasmuch as the latter act was not repealed by the unconstitutional Act of March 4, 1911, P. L. 10.

*Constitutional law—Sec. 6, art. III, of the constitution—Amendment and extension of acts.*

2. The sixth section of art. III of the constitution forbidding that a law be revived, amended, or the provisions thereof extended or conferred by reference to its title only relates to express amendments and does not require that every act shall recite all other acts that its operation may incidentally affect.

3. When a system of procedure has been established in a class of cases, a new act applying such system to an additional class by general reference to it, is not unconstitutional, although it may operate to some extent to extend a previous statute.

4. The Act of March 24, 1905, P. L. 47, may be construed so as to place the board for the assessment and revision of taxes under the same regulations as to the employment and compensation of clerks as are established by the Act of March 31, 1876, P. L. 13, with reference to subordinates in the county offices. Such a construction does not contravene sec. 6 of art. III of the constitution relating to the revival, amendment or extension of acts.

*Constitutional law—Special and local legislation—Classification of counties—Act of March 4, 1911, P. L. 10—Salary board.*

5. The Act of March 4, 1911, P. L. 10, extending the provisions of the Salary Board Act of April 4, 1907, P. L. 58, to counties containing a population of not less than 800,000 nor more than 1,400,000, is local and special legislation regulating the affairs of counties in contravention of sec. 7 of art. III. of the constitution, inasmuch as there is only one county which comes under its provision, and there is no provision for the admission of other counties which may subsequently show as large a population.

6. A law which permanently excludes anyone from a class is special.

Argued March 6, 1912. Appeal, No. 39, March T., 1912, by defendant, from order of C. P. Luzerne Co., Feb. T., 1912, No. 373, refusing to quash appeal in case of Jonathan R. Davis, President of the Board for Assessment and Revision of Taxes for Luzerne County, v. J. J. Moore et al., Commissioners of Luzerne County, and Fuller R. Hendershot, Controller of Luzerne County, Members of the Salary Board of Luzerne County. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Motion to quash appeal from decision of salary board. Before FULLER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court refusing to quash the appeal.

*William S. McLean, Jr.,* for appellant.—The board for the assessment and revision of taxes are not county officers and therefore do not come within the purview of the act: Com. v. Collier, 213 Pa. 138.

That when the provisions of a former law are to be incorporated with a subsequent statute they, or the law containing the same, shall be re-enacted and published at length: Donough v. Roberts, 15 Phila. 144.

*George S. Ferris,* for appellee.—An act complete in itself, which applies an established method of procedure,

whether it be by common law, or statute, or joint operation of both, to a new class by general reference only, does not violate the constitutional provision as to republication, though it may operate to some extent as an extension of a previous statute: Gilbert's Est., 227 Pa. 648; Greenfield Ave., 191 Pa. 290; Pinkerton v. Traction Co., 193 Pa. 229; Smith Woolen Machinery Company v. Browne, 206 Pa. 543.

A construction of a statute which would produce an unconstitutional result will not be adopted: Reid v. Smoulter, 128 Pa. 324; Appeal of Board of Assessment and Revision of Taxes, 54 Pittsburg Leg. Journ. 269.

The Act of March 4, 1911, P. L. 10, is unconstitutional: Perkins v. Phila., 156 Pa. 539; Blankenburg v. Black, 200 Pa. 296; Davis v. Clark, 106 Pa. 377; Morrison v. Bachert, 112 Pa. 322; Ayars' App., 122 Pa. 266; Umholtz's License, 191 Pa. 177; Com. v. Fraim, 16 Pa. 163; Big Black Creek Improvement Co. v. Com., 94 Pa. 450; Com. v. Hanley, 15 Pa. Superior Ct. 271.

OPINION BY HENDERSON, J., July 18, 1912:

The single question for consideration on this appeal is whether the board for the assessment and revision of taxes of the county of Luzerne has a right to appeal from the decision of the salary board made in the exercise of the duties imposed on the latter by the Act of March 24, 1905, P. L. 47. The Act of March 31, 1876, P. L. 13, was passed to carry into effect sec. 5 of art. XIV of the constitution relative to the salaries of county officers and the payment of fees received by them into the state or county treasury in counties containing over 150,000 inhabitants. The seventh section of the act constitutes the county commissioners and controller, where such offices exist in the counties coming under the provisions of the act, a board whose duty it shall be to meet together as they may be required by any of the officers whose salaries are established by the act for the purpose of ascertaining and determining the number of deputies or clerks required for

the proper dispatch of business by each of such officers and for fixing the salary of each of said deputies and clerks. The officer whose interests are affected is also made a member of the board as long as the case of such officer is under consideration and a decision of a majority governs. The same section gives a right of appeal to the court of common pleas of the proper county by any officer who shall think that the number of his deputies or clerks is too few or the compensation fixed for either is too small as the same may be determined by the board. By the Act of March 24, 1905, P. L. 47, there was established in counties containing a population of from 300,000 to 1,000,000 a board for the assessment and revision of taxes for state and county purposes. The act of April 4, 1907, P. L. 58, expressly enlarged the powers of the salary board as given by the act of 1876 so that in counties having a population of from 300,000 to 1,000,000 it was authorized to fix and determine the number and compensation of the employees of any and all county officers, boards, bureaus, departments and divisions thereof, whether elected by the people or appointed according to law. This act was amended by the Act of March 4, 1911, P. L. 10, so as to make it apply to counties containing a population of not less than 800,000 nor more than 1,400,000. The appellants deny that an appeal has been allowed to the board for the assessment and revision of taxes, except by the act of 1907, which as they contend is repealed by the act of 1911. The members of the board for the assessment and revision of taxes are not county officers within the meaning of the act of 1876, as was decided in Com. v. Collier, 213 Pa. 138, and no provision is expressly made in the act of 1905 for an appeal from the decision of the board fixing salaries. It is provided, however, in the second section that "the board shall have the right to appoint such clerks as the salary board may allow for the proper discharge of the duties of said board and all salaries and expenses shall be paid out of the County Treasury." This must have reference to

sec. 7 of the act of 1876, above referred to, as no other board answering that description is authorized by any other statute. When we refer to the act of 1876 we do not find that the commissioners and controller are designated as the "Salary Board," but the powers and duties there imposed when considered in connection with the character and functions of the board for the assessment and revision of taxes makes the presumption reasonable that it was the intention to place that board under the same regulations as to the employment and compensation of clerks, etc., as are established by the act of 1876, with reference to subordinates in the county offices. Such a construction of the act gives consistency to the statutes and uniformity in the method of fixing the number of such employees and the amount of compensation. It is not an unwarranted assumption that when the act of 1905 makes reference to the appointment of "such clerks as the salary board may allow" the intention was to apply the mode of procedure fixed by the act of 1876, to the board created by the act of 1905. "An act which is complete in itself,—the purpose, meaning and full scope of which are apparent on its face,—is valid, although it may operate to alter, extend or repeal a prior act or may provide for the means of carrying its provisions into effect by a reference to a course of procedure established by other acts of the legislature:" Greenfield Avenue, 191 Pa. 290; Campbell v. Board of Pharmacy, 45 N. J. Law, 241. The sixth section of art. three forbidding that a law be revived, amended or the provisions thereof extended or conferred by reference to its title only relates to express amendments and does not require that every act shall recite all other acts that its operation may incidentally affect: Stuart's Appeal, 163 Pa. 210. When a system of procedure has been established in a class of cases a new act applying such system to an additional class by general reference to it is not unconstitutional although it may operate to some extent to extend a previous statute: James Smith Woolen Machinery Co. v.

Browne, 206 Pa. 543. The objection therefore that this construction of the statute contravenes the constitution is not well taken. In this view of the case the appeal can be sustained under the acts of 1876 and 1905.

It is clear that if the act of 1907 is in force an appeal is therein given. The appellee contends that the act of 1911 is unconstitutional in that it is special and local legislation regulating the affairs of counties and the title is defective. It is, as we have seen, an act amending the act of 1907, so as to make it apply to counties containing a population of not less than 800,000 nor more than 1,400,000. With reference to the necessary population it is enacted in sec. 1 that it shall be computed by the United States census for the year 1910, and as the designated population only applied to one county in the state and established a class into which no other county could be admitted we cannot avoid the conclusion that it offends against sec. 7 of art. III of the constitution. The rule on the subject of classification as stated in Lloyd v. Smith et al., 176 Pa. 213, is that a law which does not exclude anyone from a class and applies to all members of the class equally is general. In the same case it was held that a law which permanently excludes anyone from a class must be special. It is not a sufficient objection that the law only applied to one county at the time of its enactment if others may come into the class under existing laws by increase of population, but the door must be open for such accessions; in this case the qualification of the county is definitely fixed by the terms of the statute. That county only comes under its provisions which by the census of 1910 had between 800,000 and 1,400,000 inhabitants. No provision is made for the admission of other counties although subsequent enumerations might show as large a population. This cannot be regarded as classification. It is legislation for a particular county: Blankenburg v. Black, 200 Pa. 629. We feel constrained to hold therefore that the act is special and local legislation regulating the affairs of counties and therefore in-

valid.    The second objection to the constitutionality of the act need not be considered in view of the conclusion just reached.    The act of 1907 is then still in force and it gives a right of appeal from the decision of the salary board.

The order is affirmed.