# American Warming & Ventilating Company *v.* Fayette Lumber Company, Ltd., Appellant.

*Constitutional law—Trial by jury—Constitution of Pennsylvania, art. 1, sec. 6—Judgment n. o. v.—Practice, C. P.*

The Act of April 22, 1905, P. L. 286, is not unconstitutional as a whole, nor as to that part which permits the trial court to enter judg-

ment for the plaintiff when there has been a verdict for the defendant. It is not a denial of the right of trial by jury, and does not violate art. 1, sec. 6, of the constitution of Pennsylvania which reads· "Trial by jury shall be as heretofore, and the right thereof remain inviolate."

Argued April 20, 1914. Appeal, No. 75, April T., 1914, by defendant, from order of C. P. Fayette Co., Dec. T., 1910, No. 257, entering judgment for plaintiff non obstante veredicto in case of American Warming & Ventilating Company v. Fayette Lumber Company, Ltd. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Rule for judgment for plaintiff non obstante veredicto.

The only question considered was the constitutionality of the Act of April 22, 1905, P. L. 286.

*Error assigned* was order making absolute rule for judgment for plaintiff non obstante veredicto.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *F. D. Munson,* for appellant.—The right of trial by jury which is preserved by the present constitution is that right as it existed at common law at the time of the adoption of the first constitution of Pennsylvania: Van Swartow v. Com., 24 Pa. 131; Slocum v. N. Y. Life Ins. Co., 228 U. S. 364.

· The right of trial by jury, preserved by the federal constitution, is no more comprehensive than the right of trial by jury preserved by the constitution of Pennsylvania. At common law the verdict of a jury was an indispensable and essential feature of the trial by jury, except in two well-defined instances: Roth v. E. Connellsville Coke Co., 242 Pa. 23.

*R. A. Balph,* with him *James Balph, H. G. May* and *S. R. Goldsmith,* for appellee, cited: Smith v. Times Publishing Co., 178 Pa. 481; Dalmas v. Kemble, 215 Pa. 410.

OPINION BY RICE, P. J., July 15, 1914:

The appellant bases its demand to have this judgment reversed exclusively upon the contention that the Act of April 22, 1905, P. L. 286, is unconstitutional, and, if not unconstitutional as a whole, is unconstitutional as to that part which permits the trial court to enter judgment for the plaintiff when there has been a verdict for the defendant. Section 6, art. I, of the constitution of Pennsylvania, which it is claimed is violated, reads: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." The claim is not made that the recent decision of the supreme court of the United States in Slocum v. N. Y. Life Ins. Co., 228 U. S. 364, must be followed by the state courts. Such claim could not be sustained, because the decision is based on a provision of the federal constitution which is applicable only to the federal courts, and is not identical in terms with the provision of the state constitution. Moreover, in considering the persuasive force of the reasoning of the majority opinion in that case, it is to be borne in mind that it rests, in part at least, upon the clause, "and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law," which does not appear in the state constitution. Another point to be noticed is, that the court not only stated, but applied in that particular case, the rule, "that when, on the trial of the issues of fact in an action at common law before a federal court and a jury, the evidence, with all the inferences that justifiably could be drawn from it, does not constitute a sufficient basis for a verdict for the plaintiff or the defendant, as the case may be, so that such a verdict, if returned, would have to be set aside, the court may and should direct a verdict for the other party." This rule is supported by many decisions of the supreme court of the United States which are cited in the opinion, and it is in accordance with many Pennsylvania decisions relative to the power

of the court to give binding direction for the plaintiff as well as the defendant. This mode of effectively exerting the court's exclusive power to declare the law applicable to a given state of facts, does not differ, in essentials, from the mode of exerting it at common law upon demurrer to evidence (Gibson v. Hunter, 2 H. Bl. 187, 1 T. & H. Pr., 5th ed., sec. 705), which indisputably was not in contravention of the trial by jury and was not abrogated by the constitution. It is the same power which is exercised when the court enters a compulsory nonsuit under the statute, concerning which it has been held (quoting from the opinion of STRONG, J.): "The complaint that the constitutional right of trial by jury has been violated is made without due consideration. The province of a jury has always been to determine facts. What is the law applicable to those facts has always been a question for the court. In ordering the nonsuit, the court conceded all the facts which the jury could have found, and simply declared that under the law as applicable to them there was no liability on the part of the defendants:" Munn v. Mayor, etc., of Pittsburg, 40 Pa. 364. Is there such a difference between, on the one hand, giving binding direction for the party entitled in law to such direction, and entering judgment on the verdict so directed, and, on the other hand, reserving the question of law upon which alone the case turns, and afterwards entering judgment in favor of that party, as renders the latter mode unconstitutional? The latter no more than the former invades the province of the jury to decide the questions of fact arising on the evidence, or enlarges the province of the court regarding them, or infringes the constitutional right of the parties to have court and jury each perform its proper function. The chance of obtaining a verdict contrary to law is not a right secured to either party to a civil issue by the constitution. The trial by jury, that it preserves, is a trial wherein the jury does not invade the province of the court to declare the law, and

the court does not invade the jury's province to decide the questions of fact arising out of the evidence, but where each performs its duty and exercises the power legitimately belonging to it. "It is a mistake that is often made, to suppose that every modification of its accompanying powers detracts from the right. This is too narrow and rigid a rule for the practical workings of the constitution and the rights guaranteed by it in the particular in question. There is no violation of the right unless the remedy is denied, or so clogged as not conveniently to be enjoyed. . . . The framers of the constitution . . . . undoubtedly knew and intended that legislation must provide the forms under which the right was to be enjoyed, and they meant no more than that it should be enjoyed under regulations which should not take away the right:" Thompson, C. J., in Warren v. Com., 37 Pa. 45. "The great purpose of the constitution in providing that 'trial by jury shall be as heretofore, and the right thereof remain inviolate,' was not to contract the power to furnish modes of civil procedure in courts of justice, but to secure the right of trial by jury in its accustomed form before rights of person or property shall be finally decided:" Agnew, C. J., in Haines v. Levin, 51 Pa. 412. "The object of the provision was to preserve the jury as a tribunal for the decision of all questions of fact:" Sharswood, J., in Wynkoop v. Cooch, 89 Pa. 450. "The general idea intended to be conveyed by the constitutional guarantee of the trial by jury undoubtedly is that all contested issues of fact shall be determined by a jury, and in no other way. . . . It was not intended to tie up the hands of the legislature so that no regulations of the trial by jury could be made, and it has been held that the provision is not violated so long as the trial by jury is not substantially impaired, although it be made subject to new modes:" Sedgwick on Stat. & Const. Law, 2d ed., 496, quoted with approval in Smith v. Times Pub. Co., 178 Pa. 481, at p. 498. In the same

connection Chief Justice MITCHELL quoted the following: "Trial by jury is by twelve free and lawful men who are not of kin to either party, for the purpose of establishing the truth of the matter in issue. . . . Any legislation which merely points out the mode of arriving at this object but does not rob it of any of its essential ingredients, cannot be considered an infringement of the right:" Dowling v. The State of Mississippi, 5 Sm. & M. 685. "The constitutional provision does not however go beyond the essentials of the jury trial as understood at the time. · It does not extend to changes of the preliminaries, or of the minor details or to subsequent steps between verdict and judgment. The jury as an institution, has been frequently commented upon by the most learned historians as one of the most remarkable in the history of the world, for the length of time which it has existed and the zealous care with which it has been cherished by the English-speaking race. But while its essential features have been preserved it has undergone great changes in all other respects. Originally the sworn twelve were witnesses as well as jurors, and they were summoned from the vicinage on account of their knowledge of the case or its surroundings: Forsyth, Trial by Jury, ch. 7, sec. 3. The very qualifications which originally put them in the box, would now be generally held to exclude them, and send them, instead, to the witness stand. The jury is above everything a practical part of the administration of justice, and changes of nonessential features, in order to adapt it to the habits and convenience of the people have therefore always been made without hesitation even in this country under the restrictions of the constitutions:" MITCHELL, C. J., in Smith v. Times Pub. Co., supra. That case, apart from these general expressions, is of itself a pertinent authority upon the question of the power of the legislature to regulate modes of trial, so long as the essential principles of jury trial as known at the time of the adoption of our first con-

stitution are preserved. The scope of the act of 1905 was fully considered and clearly pointed out in the first case that called for its construction: Dalmas v. Kemble, 215 Pa. 410. And it will not be out of place to bring prominently into view this clause of the opinion, which has been many times quoted with approval: "This statute makes no radical innovation on the settled lines of distinction between the powers of the court and the jury. It shows no intention to infringe, even if it could constitutionally do so, the province of the jury to pass upon the credibility of the witnesses and the weight of oral testimony. The court has long had authority to direct a verdict for defendant when it was of opinion that the plaintiff, even if all his evidence be believed, has failed to make out his case. But this had to be done offhand at the trial and a mistake of the judge either way resulted in delay and expense. . . . No doubt when time was not urgent and trials were conducted leisurely, with full argument on every point as it arose, the system worked fairly well. But with the growing complexity of issues, the constantly increasing pressure upon the trial lists, the taking of testimony in shorthand, and the consequent hurry of trials, the inconveniences became burdensome. In practical reforms for facilitating business without impairing settled legal principles Pennsylvania has always been in the front." Then after speaking of the authority to reserve questions of law for the consideration of the court in banc, and the power to enter compulsory nonsuits, the opinion proceeds: "The act of 1905 is another step in the same direction. It broadens the power of the judge in this respect, that whereas heretofore · the verdict was required to be for the plaintiff and the reservation to be of leave to enter judgment for the defendant non obstante, now what is reserved is a request for binding direction to the jury and may be for either plaintiff or defendant. But though thus enlarged so as to include both parties, the power of the judge is the same as it

AMER. W. & V. CO. *v.* FAYETTE L. CO., Appellant.   615

608, (1914).]                    Opinion of the Court.

was before.   He is 'to enter such judgment as should
have, been entered upon that evidence,' or in other
words to treat the motion for judgment as if it was a
motion for binding directions at the trial, and to enter
judgment as if such direction had been given and a
verdict rendered in accordance."   The whole purpose
and effect of the act are thus summarized: "What the
judge may do is still the same in substance, but the
time when he may do it is enlarged so as to allow de-
liberate review and consideration of the facts and the
law upon the whole evidence.   If upon such considera-
tion it shall appear that a binding direction for either
party would have been proper at the close of the trial
the court may enter judgment later with the same
effect. . . .   As already said there is no intent in the
act to disturb the settled line of distinction between
the provinces of the court and the jury.   The act is
capable of usefulness in allowing time for mature con-
sideration, but it should not be carried beyond its
legitimate intent."   Under this construction of the law,
we are not convinced that there can be any infraction
of the constitutional provision, and, therefore, without
discussing separately the numerous cases cited in the
learned and exhaustive brief of appellant's counsel, we
conclude that the act is not unconstitutional even in
that portion of it which is called in question.   This is
in accordance with the conclusion reached in a recent
decision of this court rendered at Pittsburg: Stryker
v. Boro. of Montoursville, in which the opinion was
delivered by our Brother TREXLER.

The judgment is affirmed.