# Findley *v.* Bryans, Appellant.

*Constitutional law—Courts—Allegheny county court—Trial by jury—Special legislation—Act of May 23, 1913, P. L. 320.*

1. The provisions of the Allegheny County Court Act of May 23, 1913, P. L. 320, authorizing and regulating jury trials in that court, are not unconstitutional.

2. The provisions of the act that in cases where judgment of the county court shall have been entered on the verdict of the jury no appeal to the common pleas shall be permitted until leave has been obtained from the latter court, does not contravene sec. 7, art. 3, of the constitution forbidding special legislation, merely because a different practice is prescribed for cases in which a jury trial has not been had.

*Courts—Allegheny county court—Appeals.*

3. Where an application for leave to appeal from a judgment on a verdict in the Allegheny county court is based on a complaint really against the verdict, it is not sufficient to show that under the evidence a different verdict might have been rendered or to convince the common pleas that it would reach a different conclusion if it were its province to decide the issues of fact. In such a case the question is, whether the verdict was so manifestly against the preponderance of testimony that the refusal of a new trial would be an abuse of discretion. If it was not, the common pleas cannot be convicted of error in the exercise of discretionary power, by refusing to allow the appeal.

*Practice, C. P—Trial—Cross-examination.*

4. Where in the course of a trial the judge expresses an opinion on a question of law favorable to the defendant, and the defendant's counsel does not pursue cross-examination of the plaintiff relating to such question, and subsequently the trial judge expresses a different opinion of the law, the defendant cannot after a verdict against him, complain

that he had been led to forego a full examination of the plaintiff, if it appears that after the judge had expressed his change of view, plaintiff was further recalled, and the defendant had full opportunity for further cross-examination.

Argued April 29, 1914.   Appeal, No. 140, April T., 1914, by defendant, from order of C. P. Allegheny Co., April T., 1914, No. 780, refusing to allow an appeal from the County Court in case of Ira D. Findley v. William A. Bryans.   Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Petition for leave to appeal from judgment of the county court on verdict for plaintiff.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing to allow an appeal.

*Stewart M. Cunningham*, for appellant.—Class legislation must be founded on real distinction in the subject classified and not on artificial ones used for the purpose of evading the constitutional prohibition: Seabolt et al. v. Com. of Northumberland Co., 187 Pa. 318; Strine v. Foltz, 113 Pa. 349.

*Leighton H. Campbell*, for appellee.

OPINION BY RICE, P. J., October 12, 1914:

1. So far as the question of the constitutionality of the act creating the county court of Allegheny county, and the question as to the constitutionality of its provisions authorizing and regulating jury trials in that court, are involved in this appeal, the decision in the affirmative may be and is rested, without further discussion, upon the decisions in Gottschall v. Campbell, 234 Pa. 347, and Com. v. Hopkins, 241 Pa. 213, affirming 53 Pa. Superior Ct. 16, and the opinions of Justice POTTER of the Supreme Court and Judge HEAD of this

court, in those cases, and of Justice ELKINS in Gerlach v. Moore, 243 Pa. 603.

2. The defendant contends that the provisions of the Act of May 23, 1913, P. L. 320, that in cases where judgment of the county court shall have been entered on the verdict of the jury no appeal to the common pleas shall be perfected until leave has been obtained from the latter court or a judge thereof, is in contravention of sec. 7, art. III, of the constitution, forbidding local and special legislation. It is argued, in effect, that the legislature had no power to prescribe different terms and conditions upon which an appeal can be had in that class of cases from those prescribed for cases in which a jury trial has not been had. But class legislation is not necessarily special legislation, within the meaning of this constitutional provision. The legislative power to classify cases with reference to the terms and conditions upon which an appeal can be had, has been very frequently exercised, as our statute books abundantly show, and the exercise of it is not to be set aside by the courts merely because they doubt its wisdom or expediency. The true principle, which has been recognized and applied in a multitude of cases, was thus clearly stated in Seabolt v. Commissioners, 187 Pa. 318: "Legislation for a class distinguished from a general subject is not special but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The test is, not wisdom, but good faith in the classification." It is apparent, without argument, that there is a real and genuine distinction between cases in which the parties have had a jury trial and those in which such trial has not been had, and that this distinction is the valid

foundation for legislation peculiar to each class relative to the terms and conditions upon which the losing party may obtain a retrial through an appeal. If it were necessary, many cogent reasons could be cited in support of the justice and wisdom of the provision whereby a party who has had a jury trial according to the forms of law, in a court of competent jurisdiction, is required to show that a retrial of the issues of fact before another jury, in another court, is necessary to prevent an injustice. But it is not necessary for us to go into that question; it is sufficient, for present purposes, to say that the classification is not an arbitrary selection, but is based on real and substantial differences which bear a proper and obvious relation to the subject with reference to which the classification is made.

3. Complaint is made that the statute of limitations, which was pleaded, was not properly applied in the county court, and, if it had been, a different result would have been reached. This contention is not based on any well-grounded exception taken at the trial, or upon any specific part of the charge of the court. Indeed, only one exception, which will be considered later, was taken by the defendant at the trial, no points for instruction were presented, and the charge was not excepted to. The complaint is really against the verdict. Where an application for leave to appeal is based on that ground alone, it is not sufficient to show that, under the evidence, a different verdict might have been rendered by the jury, or to convince the common pleas that it would reach a different conclusion if it were its province to decide the issues of fact. In such a case the question is, whether the verdict was so manifestly against the preponderance of testimony that the refusal of a new trial would be an abuse of discretion. If it was not, the common pleas cannot be convicted of error in the exercise of its discretionary power by refusing to allow the appeal. This is applying to cases tried in the county court no more onerous conditions upon which a

retrial may be obtained than have been applied immemorially to cases tried in the common pleas, and there is nothing in the act or in reason requiring the court to impose less onerous conditions. Our examination of the pleadings and evidence, with due regard to the rule as to the application of payments upon a running account such as this was (see Berghaus v. Alter, 9 Watts, 386; Hollister v. Davis, 54 Pa. 508), and to the principle applicable to a deposit of money such as it is claimed the $300 was (see Johnston v. Humphreys, 14 S. & R. 393; McCain v. Peart, 145 Pa. 516), leads to the conclusion that there was ample evidence, if believed by the jury, to sustain a verdict for the amount awarded by the jury, while at the same time giving the defendant the full benefit of his plea of the statute of limitations; further, that the evidence did not so strongly preponderate in the defendant's favor as to justify us in holding that the refusal to grant a new trial was an abuse of discretion.

4. Complaint is made that defendant's counsel was led to forego full cross-examination of the plaintiff relative to the $300 item, by the statement of the trial judge that it was barred by the statute and that he would so instruct the jury, and that notwithstanding this ruling the plaintiff was permitted to offer further testimony on this item after he had rested. To the admission of this testimony an exception was taken by the defendant. We are of opinion that the testimony in itself was admissible. Therefore the question is, whether there was reversible error of law in the admission of it out of time. The official report of the trial does not show that the plaintiff had formally rested his case before this additional testimony was offered; but it does show that, after the plaintiff had adduced some evidence, the court said that it would now take up the defense and thus save time. The defendant then adduced some testimony, after which the plaintiff resumed. This mode of proceeding was irregular, but inasmuch

as, after it was apparent that the court had changed its view regarding the $300 item, the defendant had full opportunity to recall the plaintiff for further cross-examination, and to meet by other testimony the additional testimony adduced by the plaintiff, we cannot see that any substantial harm was done.

Upon full consideration of the case as it is presented by the record and the evidence, our conclusions are, that the record of the trial court exhibits no substantial error of law of which the defendant was in position to complain after verdict and set up as a conclusive reason. for setting the verdict aside, and that the verdict was not so clearly against the preponderance of evidence as to make a retrial, before another jury, necessary in order to prevent injustice. It follows that the application for leave to appeal was properly refused.

The order is affirmed at the costs of the appellant.