## Smith, et al., Appellants, *v.* Reading City Passenger Ry.

*Street railways—Enlargement of powers—Lease—Title to act—Injunction—Act of March 22*, 1887.

Upon an appeal from a refusal to grant a preliminary injunction to restrain a city passenger railway company from leasing its road to a motor power company, the Supreme Court will not decide whether a city passenger railway company, without power under its charter or under the general laws relating to city passenger railways to lease its line, has such power by implication under subdivision 8, of § 1, of the act of March 22, 1887, P. L. 8, which gives to motor power companies the power " to lease the property and franchises of passenger railway companies and operate them," but without stating in the title of the act a purpose to enlarge the powers of city passenger railways.

Argued May 24, 1893. Appeal, No. 25, July T., 1893, by plaintiffs, George Smith, Jr., et al., from decree of C. P. Berks Co., Equity Docket, 1893, No. 571, refusing preliminary injunction. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Bill to restrain leasing of street railway.

The bill alleges that the Reading City Passenger Railway

Co. is a corporation under act of Dec. 18, 1873, P. L. 1874, 463, entitled " An act to incorporate the Reading City Passenger Railway Company," with the exclusive power to construct a street passenger railway on certain streets in the city of Reading ; and that under the powers granted to it, have constructed and maintained, own and operate certain lines of railway in said city. That the Reading Traction Co. was incorporated under the provisions of an act entitled, " An act to provide for the incorporation and regulation of motor power companies for operating passenger railways by cables, electrical and other means," approved March 22, 1887, P. L. 8, and that it does not maintain, own or operate any line of railway. That the plaintiffs are stockholders of the Reading City Passenger Railway Co., which is about to lease and transfer to the Reading Traction Co., its successors and assigns, all its railways, real and personal property, equipments, appurtenances, and all its rights, privileges and franchises necessary to operate the same, for the term of ninety-nine years from April 1, 1893, and at the end of said term to sell the said property and franchises to the said Reading Traction Co., for the price of $700,000.

That the said corporators of the Reading Traction Co., and the other stockholders of the Reading City Passenger Railway Co. in collusion with them, for the purpose of obtaining the possession, control and ownership of said property and franchises are pretending that it is necessary to have the Reading Traction Co. assume control of said property and franchises under the proposed lease, for the purpose of introducing a motor power by electricity, when in truth and fact the Reading City Passenger Railway Co. has full power and authority to introduce such power by electricity by virtue of " An act to provide for the incorporation and government of street railway companies in this commonwealth," approved May 14, 1889, P. L. 211, which the Reading City Passenger Railway Co. duly accepted. That the price proposed to be paid by said Reading Traction Co. to the Reading City Passenger Railway Co. for the lease and purchase of said property and franchises, is not a full and adequate price or value for said property and franchises, and that the proposed lease and sale will depreciate the stock of the Reading City Passenger Railway Co.

That the said the Reading City Passenger Railway Co. and

its officers, have no authority or power in law to make such transfer, lease and sale, and by attempting so to do, will furnish reasons for a forfeiture and annulment of the charter and privileges of said company at the instance of the commonwealth.

The bill prayed that an injunction, preliminary until final hearing, and perpetual thereafter, be granted, restraining the Reading City Passenger Railway Co. and its officers from making and taking any further steps toward the making of any lease, transfer or sale whatever of said railways, real and personal property, to the said Reading Traction Co. ; and also restraining the officers of the Reading City Passenger Railway Co., and the judges appointed for that purpose, from holding the election of the stockholders for or against the proposed lease and sale of the property and franchises to the Reading Traction Co.

A preliminary injunction was granted but afterwards dissolved by the court below (in an opinion by McPherson, J., of the 12th judicial district, specially presiding) on the ground that the act of March 22, 1887, P. L. 8, authorized the lease. Reported in 2 Dist. R. 490.

*Error assigned* was (3) dissolution of injunction.

*Edward Harvey, J. K. Grant* and *D. N. Schaeffer* with him, for appellants.

*Richmond L. Jones, H. A. Muhlenberg* and *C. H. Schaeffer* with him, for appellees.

Opinion by Mr. Justice Williams, May 31, 1893 :

The appellants, who are stockholders in the Reading City Passenger Railway Company, deny the power of that company to make a lease of its road and franchises to the Reading Traction Company, and ask an injunction to prevent the consummation of such lease. The court below awarded a preliminary injunction which it afterwards dissolved, and this appeal is from the decree dissolving the preliminary injunction. It is conceded that the Reading City Passenger Railway has no power under its charter or its supplementary legislation to make the lease proposed. It is equally clear that such power is not given by any general law relating to city passenger railways.

The appellees claim to derive it however from an act passed in 1887, entitled " An act for the incorporation and regulation of motor power companies for operating railways by cables, electrical, or other means." The first section of this act defines the powers of the companies to be created under it; and subdivision 8 of this section declares that they shall have the power " to lease the property and franchises of passenger railway companies and operate them." It will be seen that the title of this act gives no hint of a purpose. to enlarge the powers of city passenger railways. It is also very clear that there is no express provision in the act itself that makes such enlargement or undertakes to do so. The question raised is whether such enlargement of the powers of city passenger railways results by necessary implication from the grant of power to motor companies contained in the eighth subdivision of the first section of the act of 1887 ? This is a question of much practical importance in the present state of legislation on this subject, and it is beset with serious difficulty. A preliminary injunction is not ordinarily a matter of right. It has been refused by the court below. We are asked to dispose of the legal question involved upon an appeal from this preliminary order. Under all the circumstances, as we understand them from the affidavits before us, we are unwilling to do so. We shall leave the present status undisturbed, and will meet the question of ultra vires when the case is reached on final hearing.