# Vadas, Appellant, *v.* Pittsburg, McKeesport & Youghiogheny Railroad Company.

*Railroads—Lease—Liability for negligence—Acts of April 23, 1861, P. L. 410, and February 17, 1870, P. L. 31—Municipal consent.*

1. A railroad company which has, under the authority of the Acts of April 23, 1861, P. L. 410, and February 17, 1870, P. L. 31, leased its completed road and property of every kind to another railroad company is not liable for the negligent operation of trains by its lessee.

2. Municipal consent given to a railroad to build and operate its road within a city passes under a lease of the railroad to another railroad company, so as to make the lessee and not the lessor liable for the negligent operation of trains within the city after the date of the lease.

Argued Oct. 20, 1910. Appeal, No. 103, Oct. T., 1910, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1906, No. 10, for defendant non obstante veredicto in case of Steve Vadas v. Pittsburg, McKeesport & Youghiogheny Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

At the trial the jury returned a verdict for plaintiff for $8,300. Subsequently the court entered judgment for defendant non obstante veredicto on the ground that the defendant's lessee, the Pittsburg & Lake Erie Railroad Company, and not the defendant, was liable, if any one was liable, for the accident.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*L. S. Levin,* with him *Rody P. Marshall,* for appellant.— That a railroad company which has leased its road, cars and engines and allows the lessee company to operate the same is liable to third persons, or the public, for the carelessness and negligence of the lessee and for defects in the construction or maintenance of the road and its equipment unless there is a statutory provision to the contrary, has been held in nearly every state in the Union. Hanlon v. Turnpike Road Co., 182 Pa. 115; Sanders v. R. R. Co., 225 Pa. 105; Alexandria, etc., R. R. Co. v. Brown, 84 U. S. 445; Harden v. R. R. Co., 129 N. C. 354; Balsley v. R. R. Co., 119 Ill. 68; Nelson v. R. R. Co., 26 Vt. 717; Braslin v. R. R. Co., 145 Mass. 64.

The principle that the Pittsburg & Lake Erie Railroad

Company had no right to operate trains under the franchise granted to defendant is decided in the case of Erie v. Erie Traction Co., 222 Pa. 43; Pittsburg v. R. R. Co., 205 Pa. 13.

*George E. Shaw,* of *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 3, 1911:

The question presented by this appeal is whether a railroad company that has leased its completed road and property of every kind to another railroad company is liable for the negligent operation of trains by its lessee. The defendant, the Pittsburg, McKeesport & Youghiogheny Railroad Company, having constructed its road in 1884, leased its main and branch lines and "the plant, equipment, rights, privileges and property of every kind and nature appurtenant to said main line and branches" to the Pittsburg & Lake Erie Railroad Company for 999 years. The lessee at once entered into possession under the lease and has since operated the road. The injury complained of was caused by a collision between its trains and a wagon in which the plaintiff was riding.

The Acts of April 23, 1861, P. L. 410, and of February 17, 1870, P. L. 31, authorize railroad corporations organized under the laws of the state to lease to other railroad corporations their property of every description and give to the lessee the right to use and operate the leased property. The law governing the relation of lessor and lessee of transportation companies and the liability of the former for the negligence of the latter, when the lease has been authorized, was fully considered in the recent case of Pinkerton v. Pennsylvania Traction Co., 193 Pa. 229, where statutory authority for the lease by motor-power companies of the property and franchises of passenger railway companies was conferred by the Act of March 22, 1887, P. L. 8. In this case it was said by MITCHELL, C. J., in reviewing the authorities on the sub-

ject: "The settled principles of law and the decided weight of authority are in favor of the rule that when a lease is duly authorized by law there is no further liability on the part of the lessor for negligence of the lessee in the operation of the road."

The contention that inasmuch as the lessee had not obtained municipal consent to operate a railroad within the limits of the city where the accident happened its operation was unlawful and the lessor was liable, is without force. The lessor in 1881 and 1883 was authorized by ordinance to build and operate its road within the city and its rights thus acquired passed to its lessee: Conshohocken Borough v. Conshohocken Ry. Co., 206 Pa. 80.

The judgment is affirmed.