## KELLEY et ux. v. WEST BRADDOCK BRIDGE CO.

(Circuit Court of Appeals, Third Circuit. May 9, 1921. Rehearing Denied June 13, 1921.)

No. 2668.

1. **Bridges ☞15—Ordinance held to recognize right of bridge company to lease bridge.**

   A borough ordinance granting to a bridge company, its lessees, successors, and assigns, the right to enter upon the streets for the bridge and its approaches, gives to the company, in so far as the borough is concerned, the right to lease the bridge.

2. **Courts ☞367—Decision of state court on powers of state corporation is controlling.**

   The question of the extent of the powers of a corporation organized under the laws of the state is peculiarly one for the courts of that state to adjudge, and a decision of the highest courts thereof on that question, which has become a rule of property, is binding on the federal court.

3. **Bridges ☞15—Bridge company incorporated in Pennsylvania has authority to lease its bridge.**

   A corporation organized under Act Pa. June 12, 1879 (P. L. 173; Pa. St. 1920, § 5841), which empowers the company, with the assent of the holders of not less than two-thirds of its capital stock, to sell and dispose of its property, has authority to lease its bridge with the consent of its stockholders; the power to lease being included within the broader power to sell.

4. **Bridges ☞35—Bridge company, which has leased its bridge, is not liable for injuries caused by negligence of lessee.**

   A bridge company, which had executed a valid lease of its bridge to a traction company and given the lessee exclusive possession thereof, is not liable for injuries to pedestrians resulting from the negligence of the lessee in permitting obstructions to remain on the approaches to the bridge.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by Edward Kelley and wife against the West Braddock Bridge Company. Judgment for defendant on a directed verdict, and plaintiffs bring error. Affirmed.

J. P. Patterson, of Pittsburgh, Pa., and John J. Boyle and Charles Koonce, Jr., both of Youngstown, Ohio, for plaintiffs in error.

Clarence Burleigh and William A. Challener, both of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge. In the court below, Edward Kelley and his wife, citizens of Ohio, brought suit against the West Braddock Bridge Company, a corporate citizen of Pennsylvania. The suit was to recover damages for personal injuries sustained by Mrs. Kelley while passing along the foot passageway of an elevated roadway which was an approach to a bridge over the Monongahela river. The negligence alleged against the bridge company was in placing on the pedestrian footway of such approach a pile of planks from which one protruded and caused the plaintiff's fall and injury. The cause was tried by jury, and at the conclusion of the testimony the court gave binding instructions in favor of the defendant holding that:

"She cannot recover from the defendant here, because the defendant, under proper authority given by the state of Pennsylvania, made a lease of its bridge to the Consolidated Traction Company long before this injury to the plaintiff, and has never afterwards exercised any control over the property which was the subject of the lease of the bridge. The bridge was under the control of the Consolidated Traction Company and then passed by an operating agreement into the control of the Pittsburgh Railways Company."

On entry of judgment on this directed verdict, the plaintiffs sued out this writ of error.

The questions involved in the case are: First, the power of the Bridge Company to lease the bridge and its approaches to the Traction Company; and, second, if it has such authority, is the Bridge Company, which went out of possession, responsible for the subsequent negligent use of the bridge by the Traction Company.

Turning, first, to the right of the Bridge Company to lease, we note that it was chartered by the state of Pennsylvania, and that on October 24, 1898, the borough of Braddock, by ordinance, granted to it the right to construct this approach to its proposed bridge. By such ordinance the borough gave its consent "to the West Braddock Bridge Company, its lessees, successors, and assigns, to enter upon, use, and occupy for the purpose of its bridge approach the streets, avenues," etc., and stipulated that "said company shall provide and maintain a wagon way and foot walk over said approach for the use of the public," and "no toll whatever shall be charged on the foot and wagon ways," etc., and the bridge was to assume all damages arising "in the use thereof after construction."

[1] It will thus be seen that the locus in quo where the plaintiff was injured was a recognized roadway of the borough, and as between it and the Bridge Company the latter was to properly maintain it. As to what the liability of the borough would have been to a passenger, in case he was injured by negligence of the Bridge Company, or what the liability of the Bridge Company to reimburse the borough in case the latter were held liable for failure to afford a safe passageway, we are not now concerned, for no such question of such liability is here involved. The significance of the quoted language is that the ordinance expressly recognized that the rights of the Bridge Company, so far as the borough was concerned, were assignable; the ordinance being, as noted above, "to the West Braddock Bridge Company, its lessees, successors, and assigns."

[2] Such being the case, we next inquire whether the Bridge Company had power to lease the bridge and approach to the Traction Company. Both companies being Pennsylvania corporations, the question of their corporate powers is particularly one for the Pennsylvania courts to adjudge, and if the highest courts of that state have decided that question, and it has become a rule of property, their decision is binding upon the federal court sitting in Pennsylvania.

[3] Corporate authority on the part of the Bridge Company to lease its property to the Traction Company is alleged to exist by virtue of the Pennsylvania Act of June 12, 1879 (Pa. St. 1920, § 5841), quoted in the margin.[1] While that act, by its terms, only empowers a sale, we are warranted in assuming that, when it was passed, conferring power on corporations to sell, it was in the mind of the Legislature that such power carried with it the lesser power to lease, for this was the adjudged law of Pennsylvania in the case of Ardesco Oil Co. v. North American Co., 66 Pa. 381, where the Supreme Court in 1870 had held:

"If they can alienate absolutely, they may lease, which is but a partial or temporary alienation."

And this principle has been acted upon by the bar of Pennsylvania to such an extent that to now decide otherwise would unsettle, if not indeed destroy, investments of large value in corporate securities and ownership.

[4] Seeing that the Bridge Company had the consent of the borough to lease and the corporate power to exercise that consent, we next inquire whether, when the Bridge Company granted such lawful lease and gave to the Traction Company exclusive possession of the approach, the Bridge Company was liable for an injury to a passenger using the approach, which was caused, not by any defect in the structure, but in a negligent use by the Traction Company of the approach. As to the liability of the Traction Company to the plaintiff, no question is made, and in point of fact the plaintiffs had sued it and recovered a verdict for the very injury involved in the present case. But not only has the right of corporations to lease where they have statutory powers to sell been, as noted above, adjudged by the Supreme Court of Pennsylvania, but the nonliability of the lessor out of possession for the acts of a lessee in possession has also been adjudged by that tribunal. In that regard, it suffices to refer to Pinkerton v. Pennsylvania Traction Co., 193 Pa. 229, 44 Atl. 284 and Vadas v. Pittsburgh, etc., R. R. Co., 230 Pa. 42, 79 Atl. 166, where it was said:

"The settled principles of law and the decided right of authority are in favor of the rule that when a lease is duly authorized by law there is no further liability on the part of the lessor for negligence of the lessee in the operation of the road."

The judgment below is affirmed.

[1] "It shall be lawful for any bridge company, with the assent of the holders of not less than two-thirds of its capital stock, to sell or dispose of its property to any other corporation, and said corporation so purchasing shall have full power, in accordance with the purposes of its charter, to use the property so purchased for the purpose designated in the charter under which said property was built."