## Commonwealth v. Levine.

*Criminal law—Arson—Burning by tenant—Act of June 10, 1881.*
1. At common law a lessee in possession could not commit arson by burning the dwelling thus occupied by him.
2. The Act of June 10, 1881, P. L. 117, made a tenant liable as such to conviction of arson.

*Constitutional law—Amending act—Supplementary act—Criminal law— Arson—Exercise of judicial power—Act of June 10, 1881.*
3. The Act of June 10, 1881, P. L. 117, is constitutional. It does not violate section 6 of article iii of the State Constitution, relating to the amendment of laws. The act is supplemental and not amendatory of prior legislation, nor is the act a legislative attempt to exercise a judicial function.
4. The fact that an act has continued unquestioned for a long period of time does not establish its constitutionality, but such circumstance is persuasive in its favor.

*Criminal law—Arson—Evidence—Ownership of dwelling-house.*
5. On the trial of an indictment for arson, where the title to the dwelling-house set on fire is not primarily in issue, parol testimony of ownership is admissible.
6. Where, in such a case, it appears that the defendant was a lessee of the premises, the lease to him, executed prior to the fire, is admissible in evidence without precedent proof of the *corpus delicti*. It can in no sense be viewed as a confession or as an admission of guilt.

*Practice, C. P.—Trial—Correction of misstatement.*
7. Where the trial judge makes a misstatement in his charge, and his attention is not called to it at the time, although opportunity is given counsel to do so, the misstatement cannot afterwards be made the basis for a motion in arrest of judgment or for a new trial.

Arson. Motions in arrest of judgment and for a new trial. O. and T. Phila. Co., Oct. T., 1922, No. 517.

*John H. Maurer*, Assistant District Attorney, for Commonwealth.

*Herbert W. Salus*, for defendant.

TERRY, P. J., 44th judicial district, specially presiding, June 8, 1923.—The defendant was indicted for and convicted of arson under the 137th section of the Act of March 31, 1860, P. L. 382, 415. The first count of the indictment charged him with the felonious setting fire to the building and dwelling-house of another, and the second count contained the additional allegation of the presence of one or more persons in the dwelling-house when it was fired.

The defendant occupied, as tenant of the owner, the three-story dwelling and store building at No. 1125 North 40th Street, in Philadelphia. His store was on the first floor and he and his wife and child dwelt in the upper part. On the morning of Oct. 7, 1922, about 4 o'clock, flames and smoke were discovered issuing from the store; an alarm was given and officers of the fire department went to the place, broke in the locked door and, preceded by the defendant—partly dressed—took his wife and child from a bed-room in the second story—whether they were in or out of bed was disputed. The defendant, when asked, said he knew the place was on fire, and, on the trial, testified that he learned it from his wife, who, he stated, awakened him. The fire, after causing considerable damage, was extinguished. A patrol officer testified that he passed this building and tried the door, finding it locked, about 12.40 that night, and again at 3.10, and that there was no fire then. There was conflicting testimony as to the cellar door being fastened. The fire occurred in the store, beginning under a counter, and the Commonwealth showed gasoline had been sprinkled around there. A witness for the Commonwealth testified that the defendant said he kept none, and another witness

testified that, after his arrest, the defendant stated he didn't know how the gasoline got in the firkin containing it, found by the firemen at the place where the fire originated. Interrogated at the time, the defendant asserted he had herring in the firkin, which, upon investigation, proved to be untrue, and when he put his hand in the firkin, the fumes from its disturbed contents ignited from a nearby lamp. He was then taken into custody, and, upon the trial, it was alleged that he fired the building to obtain $5000 insurance he had placed upon his stock of goods and fixtures.

The defendant, denying guilt, introduced testimony to show that his property in the building was worth as much or more than the insurance on it.

In the charge, everything in dispute was called to the attention of the jury, and the principles of circumstantial evidence, as well as other pertinent rules, were stated.

The jury rendered a verdict of guilty, and we now have for disposition a motion in arrest of judgment, and also one for a new trial. The former is based upon the fact, developed upon the trial, of the possession of the premises by the defendant as tenant, it being contended that the Act of June 10, 1881, P. L. 117, making him as such liable to conviction of arson, is unconstitutional.

At common law, a lessee in possession could not commit arson by burning the dwelling thus occupied by him: 2 Am. & Eng. Ency. of Law (2nd ed.), 936; 5 Corpus Juris, 553. Accordingly, the Act of 1881, to remedy this, was passed. It is entitled "An act declaring that the possession of defendant, as tenant or otherwise, at the time of the commission of the offence, shall not exempt him from conviction and punishment for arson." The act reads:

"Be it enacted, etc., that no principle or policy of law shall, because the defendant shall have been in possession, as tenant or otherwise, at the time of the commission of the offence, exempt any person from conviction and punishment, who shall wilfully and maliciously burn, or cause to be burned, or cause or attempt to set fire to, any building, but such person shall be liable to conviction and punishment in the same manner and to the same extent as if not in possession."

Counsel for defendant argues that this act was passed in violation of section 6 of article III of the State Constitution, providing that "no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length." And it is also argued that the act is invalid because it was an attempt to exercise judicial power.

The Act of 1881 is supplementary rather than amendatory (Com. v. Taylor, 159 Pa. 451; Troop v. Pittsburgh, 254 Pa. 172, 182-183), and only express amendments are within the inhibition of the constitutional provision invoked: Searight's Estate, 163 Pa. 210; In re Greenfield Avenue, 191 Pa. 290; Pinkerton v. Traction Co., 193 Pa. 229. Moreover, the mere change of a common law rule, which is all that is involved here, may be done by the legislature, irrespective of any particular form and without violating said constitutional provision: Dilworth v. Schuylkill I. Land Co., 219 Pa. 527, 530. That case also rules against the defendant the contention that the Act of 1881 was a legislative attempt to exercise a judicial function. Said enactment may be sustained, too, by the application of the well recognized principle, in the construction of statutes, that an act which, like the one here attacked, is complete in itself—the purpose, meaning and full scope of which are apparent on its face—is valid, although it may operate to alter, extend or repeal a prior act, or may provide for the means of carrying its provisions into effect

3 D. & C.

by a reference to a course of procedure established by other acts of the legislature: In re Greenfield Avenue, 191 Pa. 290; New Brighton Borough v. Biddell, 201 Pa. 96, affirming same case in 14 Pa. Superior Ct. 207; Gilbert's Estate, 227 Pa. 648; Leinbach's Estate, 241 Pa. 32; Com. v. Bowman, 35 Pa. Superior Ct. 410; West Virginia Pulp and Paper Co. v. Public Service Commission, 61 Pa. Superior Ct. 555, 567-8.

"When there is an established system of procedure in certain cases, whether it be by common law or statute or joint operation of both, a new act applying such system to a new class of cases by general reference to it is not a violation of section 6, article III, although it may operate to some extent as an extension of a previous statute: In re Greenfield Avenue, 191 Pa. 290;" James Smith W. M. Co. v. Browne, 206 Pa. 543.

We do not overlook the case of Com. v. J. ————, 21 Pa. C. C. Reps. 625, cited by defendant's counsel. The Act of June 11, 1879, P. L. 148, there, in 1899, with scant discussion held unconstitutional, however, remained unrepealed for eighteen years thereafter, when it was superseded by the Act of July 16, 1917, P. L. 1000. Whether the Act of 1879 can be distinguished from that of 1881, here involved, in the respect under consideration, we need not determine, as upon the appellate courts authorities hereinbefore cited we think our conclusion that said Act of 1881 is valid is warranted. While its continuing unquestioned for so long a time does not establish the constitutionality of the Act of 1881, such circumstance is persuasive in its favor: Sugar Notch Borough, 192 Pa. 349; Com. v. Keary, 198 Pa. 500, affirming 14 Pa. Superior Ct. 583; Rose v. Beaver County, 204 Pa. 372; and this statute has been enforced in the following cases: Com. v. Dumber, 69 Pa. Superior Ct. 196; Com. v. Emmett et al., 74 Pa. Superior Ct. 86; Com. v. Puretta et al., 74 Pa. Superior Ct. 463. For the foregoing reasons, the motion in arrest of judgment cannot be sustained.

Nor do we think the reasons for a new trial sufficient.

The policies of insurance—$5000 in amount—issued to the defendant upon his stock of goods and fixtures certainly were admissible upon the question of motive. The testimony of the defendant and his witnesses as to the value of the insured property was not conclusive, being subject to the test of credibility applied by the jury.

The title to the store and dwelling-house was not primarily in issue, and, therefore, the parol testimony of ownership was admissible, notwithstanding the non-production of the deed to the owner: 22 Corpus Juris, page 995, § 1252; page 1015, § 1300. Ordinarily, the title to property is a simple fact, to which a witness having the requisite knowledge can testify directly: 22 Ruling Case Law, page 78, § 57. The ownership of the building need not be strictly proved, unless it is an essential element of the crime, as when one is indicted for setting fire to his own house: 4 Elliott on Evidence, page 103, § 2808.

It is true the witness Cutler, claiming to be the owner of the building fired, left it uncertain whether he or Clara Goodwin (or Goodman) was the real owner; but the lease in evidence, executed by the defendant with Cutler as agent, by virtue of which the defendant had possession as tenant at the time of the fire, was sufficient proof upon this point. The objections to the lease and the parol testimony alluded to were general, no reasons being specified; but in his brief the attorney for the defendant advances the objections that the parol testimony of ownership was secondary, and also that the lease was in effect a confession, and, therefore, not admissible without precedent proof of the *corpus delicti.* The first of these objections we have already consid-

ered. The second we dispose of by remarking that the lease was executed prior to the fire, and, therefore, could in no sense be viewed as a confession of a subsequent offence. And it was not an admission of guilt, but only of a precedent fact. Besides, the circumstances shown by the Commonwealth strongly indicated an incendiary origin of the fire, quite enough to justify the reception of the defendant's statements, verbal and written: Gray v. Com., 101 Pa. 380; Com. v. Dumber, 69 Pa. Superior Ct. 196; 2 Chamberlayne's Modern Law of Evidence, §§ 1600 and 1601.

But if the testimony of Cutler as to ownership of the property be deemed inadmissible, such assumed error was made harmless by the introduction of the lease—the defendant's written acknowledgment that another, and not he, was the owner of the building. This satisfied the requirement of the statute under which the indictment was drawn, and the averment of the latter that the building fired was that of "another." It is, of course, familiar law that a tenant cannot dispute his landlord's title.

We observe that in the charge we referred to the woman designated in the lease as the person for whom Cutler as agent executed it as his wife, a mistake probably induced by a like erroneous statement by counsel in argument to the jury. It was allowed to pass without correction, although at the conclusion of the charge—to which no exception was taken—the attorney for the defendant was asked if there was anything further, and he replied, "Nothing; I think your honor has covered it fully." No complaint is, nor could it now properly be, made of such inadvertence.

In the charge, all the rights of the defendant were safeguarded and inferences favorable to him were presented to the jury.

We do not agree with the contention that the verdict was against the weight of the evidence and the charge of the court, and as we believe the defendant was properly convicted, such and all other reasons are overruled.

The motion in arrest of judgment is denied and a new trial is refused.