## Johnson's Estate.

*Decedents' estates — Husband and wife—Allowance of $5000—Intestate Act of June 7, 1917.*

1. The Intestate Act of June 7, 1917, § 2 (a), P. L. 429, 431, as amended by the Act of July 11, 1917, P. L. 755, is not an exemption act, but relates to descent and distribution, and places the husband and wife on a parity as to inheritance from each other, excepting only the widow's exemption, which she may receive in excess of that to which the husband is entitled.

2. The allowance of $5000, and the one-half of the estate over and above that amount, is a vested interest in the surviving spouse immediately on the death of husband or wife, and in case of the decease of the survivor intestate, leaving no issue, passes to his or her next of kin, although no claim for the same was made in decedent's lifetime.

Adjudication. O. C. Erie Co., Sept. T., 1922, No. 35.

*D. A. Sawdey,* for administrator.

*Brooks, English & Quinn,* for W. C. Kibler, executor of Schuyler Johnson, deceased.

CLARK, P. J., Oct. 11, 1923.—Eliza Jane Johnson made her will March 26, 1918, and died Dec. 13, 1920, leaving to survive her her husband, Schuyler Johnson, and collateral heirs, but no issue.

Eliza Jane Johnson died testate as to a part of her estate and intestate as to a larger portion of her estate, personal and real.

The inventory of the personal estate amounted to $10,698.19, which, as set forth in the first and final account before the court for audit, was increased to $11,164.81.

The Intestate Act of June 7, 1917, § 2 *(a),* P. L. 429, 431, as amended by the Act of July 11, 1917, P. L. 755, provides: "Where such intestate shall leave a

VOL. 4—35

### Johnson's Estate.

spouse surviving and other kindred, but no issue, the surviving spouse shall be entitled to the real or personal estate, or both, to the aggregate value of $5000 in addition, in the case of a widow, to the widow's exemption as allowed by law; and if such estate shall exceed in value the sum of $5000, the surviving spouse shall be entitled to the sum of $5000 absolutely, to be chosen by him or her from real or personal estate, or both, and, in addition thereto, shall be entitled to one-half part of the remaining real and personal estate: Provided, that the provisions of this clause as to said $5000 in value shall apply only to cases of actual intestacy of husband or wife, entire or partial, and not to cases where the surviving spouse shall elect to take against the will of the deceased spouse."

These acts place the husband and wife on a parity as to inheritance from each other, excepting only the widow's exemption, which she may receive in excess of what the husband is entitled to: Caldwell v. Caldwell, 70 Pa. Superior Ct. 332, 336.

The acts are not exemption acts, but relate to descent and distribution: Gilbert's Estate, 227 Pa. 648.

The allowance of $5000 and the one-half of the estate and above that amount is a vested interest in the surviving spouse immediately on the death of husband or wife, and, in case of the decease of the survivor intestate, leaving no issue, passes to his or her next of kin, although no claim for the same was made in his or her lifetime: Nolan's Estate, 21 Lacka. Leg. News, 239.

If the surviving spouse dies without having made any demand, it may be made for him or her by the personal representative: Desmond's Estate, 28 Dist. R. 231.

The widow's exemption of $500 is an optional right, which she can exercise if she chooses.

There is an intestacy where there is a failure to make a will, when the will does not dispose of all of the estate, and also where there is an ineffectual disposition of all or a part of the estate: McNulty's Estate, 29 Dist. R. 709; Shestack's Estate, 267 Pa. 115.

Eliza Jane Johnson, the testatrix, provides in her will for fourteen special legacies, amounting to $2525, and no disposition of the rest or residue of her estate. From each one of these legacies, excepting the cancellation of a note of Marion Hutchinson for $1500, there has been deducted 5 per cent. and payment then made to each legatee.

This 5 per cent. deduction was evidently made under the provisions of the Act of June 20, 1919, P. L. 521. The testatrix died subsequent to the passage of this act.

These disbursements are made at the fiduciary's own risk: Act of June 7, 1917, § 49 (b), P. L. 447, 515.

W. C. Kibler, the executor of Schuyler Johnson, received a part of the Eliza Jane Johnson estate, but not all of that to which he is entitled under the facts and the acts of assembly as we understand them.

### Order.

And now, to wit, Oct. 11, 1923, the account of the administrator c. t. a. is not confirmed, and he is directed to proceed to the further settlement of the estate in accordance with the foregoing opinion, and to prepare a supplemental corrected account and submit a suggested schedule of distribution, giving the names and addresses of persons entitled to a share of the estate and the amount for each one.

From Lytle F. Perry, Erie, Pa.