## Pfeiffer's Estate

*E. V. Bulleit,* for petitioner; *Keith* and *Sheely,* contra.

McPHERSON, P. J., October 16, 1933.—J. Quincy A. Pfeiffer died June 6, 1929, a resident of Adams County, and on June 19, 1929, his will was duly probated, and letters testamentary were granted to The Citizens Trust Company of Gettysburg. For transfer inheritance tax purposes an appraisement was filed in the sum of $39,654.67, from which no appeal was taken. On September 4, 1929, the executor paid the transfer inheritance tax upon $27,000 of the appraised value. The clear value of the estate for transfer inheritance tax purposes amounted to $33,220.77. On the difference between the amount on which the tax has been paid and the clear value of the estate subject to tax, namely, $6,220.77, no tax has been paid. The instant proceedings are for the purpose of enforcing payment by The Citizens Trust Company of Gettysburg, executor of the said testator, of the tax on said balance, together with penalties thereon for nonpayment at the rate of 12 percent per annum.

On September 3, 1930, the executor filed its account, which was presented for confirmation on October 30th, showing a balance of $35,018.69 in its hands for distribution. Exceptions were filed, and for the purpose of disposing of these exceptions and making distribution of the balance an auditor was appointed. Said auditor sat to perform the duties of his office and subsequently, on June 27, 1931, filed a report in which the exceptions were disposed of and distribution was made of said balance, after the payment of the costs of the audit, To J. E. Pierce, a creditor, $845; the balance was divided among the residuary legatees, as provided in the will. No exceptions were filed to the account by the

register of wills, based on the failure of the executor to pay the transfer inheritance tax on the full amount of the estate subject to taxation, and no formal claim for said taxes was presented for distribution before the auditor, who, in his report, did not consider the right of the Commonwealth to the tax in question.

Exceptions were filed to the auditor's report, which were subsequently withdrawn, and in due course it was confirmed. The Citizens Trust Company, as executor, paid out the balance in its hands in accordance with the distribution awarded, making no deduction from the amounts awarded to the legatees for the unpaid inheritance tax.

The first question raised is whether or not the executor in this case has any personal responsibility for the payment of the transfer inheritance tax which remained unpaid at the time distribution was made of the balance of the estate that was in its hands, as shown by the auditor's report.

Under the Act of June 20, 1919, P. L. 521, and its supplements, it is made the duty of the executor to deduct from the legacy or distributive shares of legatees or next of kin the transfer inheritance tax due thereon and to remit the tax promptly to the State. This is treated by the Supreme Court in Constable's Estate, 299 Pa. 509, 514, as mandatory upon the executor. The matter disposed of before the auditor in distribution was the ascertainment of the individuals who were the residuary legatees under the general descriptive classification used in the will and the apportionment among them of the balance shown to be in the hands of the executor after the payment of the adjudicated claims and the costs of the audit.

The confirmation of this report resulted in a definite ascertainment between the parties of the amount of the distributive shares and persons entitled thereto. The money so apportioned was in the hands of the executor, and in view of the mandatory duty to deduct the tax from said fund before distribution the executor held the money for distribution subject to the payment of the tax so to be deducted. This mandatory duty the executor failed to perform, and we see no reason why the executor should not be liable for the tax, because of said failure, just as an executor was held personally liable for the payment of penalties resulting from his failure to pay transfer inheritance tax until after the expiration of 1 year from the death of the decedent, where he had funds in hand to make the payment. In a citation of this character in Griffith's Estate, 96 Pa. Superior Ct. 242, the executor was surcharged with the sum of $4,030.80, which was levied as penalties for his failure to pay the transfer inheritance tax as directed by law, he having ample funds in his hands so to do.

Before distribution in accordance with the auditor's report, the executor had the right and the duty to deduct from the respective shares the amounts necessary to pay the unpaid transfer inheritance tax.

The second question arising is whether or not the Act of 1919 and its supplements, construed as above, are unconstitutional because of the failure to set forth in the title of that act the purpose of creating a personal liability on the part of the executor for the payment of taxes unpaid because of his neglect.

After a consideration of the cases cited in support of this contention, we are of the opinion that the title to the Act of 1919 is sufficient and complies with the applicable provision of the Constitution. The title is: "Providing for the imposition and collection of certain taxes upon the transfer of property passing from a decedent . . . resident . . . and . . . nonresident . . . at the time of his death. . . ." The imposition of personal liability on the part of the executor under certain circumstances is merely incidental to and part of the general scheme for the collection of the taxes as set forth in the title, of which the statement of the general purpose was sufficient notice: See Minsinger v. Rau, 236

Pa. 327; Gilbert's Estate, 227 Pa. 648; Commonwealth ex rel. v. Macelwee et al., 294 Pa. 569.

Nor do we consider that the Commonwealth is debarred from the collection of this tax, because its agent, the Register of Wills of Adams County, failed to file exceptions to the account or to the auditor's report when filed. The Commonwealth cannot be charged with this neglect nor thereby debarred from proceeding to collect: Utah Power & Light Co. v. United States, 243 U. S. 389.

Another question arising is the amount of penalty to be imposed upon the executor for failure to pay the tax when due. In this case, there was presented to the executor for payment a claim for services to testator amounting to something over three thousand dollars. This amount was disputed by the persons in interest. This would necessarily withhold from the person entitled thereto under the will the amount of the estate upon which tax is now claimed. Therefore interest should be charged at the rate of 6 percent from the expiration of 1 year after the death of the decedent, viz., June 6, 1930, until the final confirmation of the auditor's report, viz., August 22, 1931, and at the rate of 12 percent from August 22, 1931, to the present date. Under this calculation, there would be due to the Commonwealth as unpaid taxes the amount of $622.08, plus the penalty of 6 percent, equal to $45.41, and of 12 percent as above set forth, equal to $171.74, making the total of tax and penalty due $839.23.

And now, October 16, 1933, the citation in the above-entitled case is made absolute and The Citizens Trust Company of Gettysburg, executor of J. Quincy A. Pfeiffer, deceased, is hereby ordered and directed to pay over to the Commonwealth the sum of $839.23.          From C. E. Stahle, Gettysburg, Pa.