## Murphy's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

*Roger F. Williams,* for petitioner; *A. E. Hurshman,* for exceptant.

LAMORELLE, P. J., October 20, 1933.—The petition is by the administratrix of a husband, who survived his wife, for the $5,000 allowance under the Intestate Act of 1917, to which exceptions were filed by a sister of the deceased wife.

From the petition, it appears that Sophia Klink Murphy died September 15, 1929, intestate, survived by a husband but by no children or issue of deceased child or children, or adopted child; that the husband, John A. Murphy, died December 9, 1930, without his filing a petition to have the $5,000 preference

set aside to him; that letters of administration were granted the petitioner, Louanna L. Hewes, on the estate of the husband, January 15, 1931; that the wife left no estate other than one piece of real estate which has been valued by the appraisers at $2,000. Mary Ann Feltman, a sister of the deceased wife, stated to be her sole surviving heir at law, filed exceptions:

"1. Because John A. Murphy, the husband of the deceased, had abandoned any claim that he had against the estate of his wife, who had died intestate on September 15, 1929.

"2. Because from the date of his wife's death up to and including December 9, 1930, the day and date when John A. Murphy, the husband, died, he, the husband, did not make any claim to the sum of $5,000 as allowed him by law against such wife's estate"; and thus the matter comes before the court in banc.

The Act of April 1, 1909, P. L. 87, provided that where an intestate left a widow and collateral heirs, but no issue, the widow was entitled to real and personal estate, or both, to the aggregate value of $5,000, in addition to her usual exemption, and the procedure for appraising and setting apart such sum was also set forth in such act, which form of procedure was altered by the Act of July 21, 1913, P. L. 875.

In Murray's Estate, 27 Dist. R. 104, similar in all respects to the present case, save and except that the surviving spouse was the widow, this court held that the next of kin of the widow, who at the time was dead, was entitled to take that which the law had given to the widow, the court saying: "The act above cited being an amendment to the intestate law, the widow forthwith became entitled to at least $5000 of her deceased husband's estate. No claim nor demand was necessary, nor could failure to proceed as set forth in the act impair or defeat a vested property right." And Gilbert's Estate, 227 Pa. 648, was cited as authority for the ruling, in which case it was stated that the method of procedure did not affect the right of inheritance.

By an act approved June 7, 1917, which was to be known and cited as the Intestate Act of 1917 (P. L. 429—as amended by the Act of July 11, 1917, P. L. 755), the Act of 1909, supra, as well as the Act of 1913, supra, was repealed absolutely, and by section 2 (a) the surviving spouse was given the same right in all cases, whether such spouse be husband or wife, saving to the widow however her right of exemption. This act was interpreted in Nolan's Estate, 68 Pitts. L. J. 588, by Judge Sando of Lackawanna County, wherein he ruled that where a husband died intestate, leaving a widow but no issue, the share to which the widow became entitled vested in her absolutely as an inheritance and on the death of the widow, intestate, passed to her next of kin. The petitioner in that case was the next of kin, the widow having died shortly after her husband and having done nothing to reduce her right of inheritance to physical possession during her lifetime.

A similar ruling was made in Desmond's Estate, 28 Dist. R. 231, wherein the court stated that if the widow died without having made any demand her next of kin were entitled to claim it after her death and that the claim might be made for them by her personal representatives.

No cases have been called to our attention where the surviving spouse was a husband, but in that a surviving spouse is entitled to his or her preference, as the case may be, it would seem to follow because of the last-quoted act of assembly that the personal representatives of a husband who survived and then died would have the right, as in the instant case, to petition the court for such allowance.

The argument advanced on behalf of the next of kin of the deceased wife is that it is optional for the husband to assert or refuse to assert his claim, and

that as he asserted no claim in his lifetime it must be assumed that he waived all rights, or, as it is stated in the paper book: "it is a fair inference to say that the husband had abandoned his claim against his wife's estate, and intended that the real estate in controversy" should descend according to the intestate laws, one half to him and the other half to his wife's only heir at law. This is an unsound legal proposition. No inference arises from the husband's failure to act in his lifetime, and the one method by which and from which any inference could be drawn would be a deed, properly executed, conveying any and all interest he had or might have to the so-called next of kin.

The exceptions filed by Mary Ann Feltman are accordingly dismissed.

Counsel will submit a decree proper in the premises.